## SMITH *v.* STATE OF INDIANA.

[No. 30,037. Filed December 10, 1962.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Harriette Bailey Conn,* Deputy Attorney General, for appellee.

JACKSON, C. J.—This is an appeal from the denial of a writ of error coram nobis filed by appellant in the court below.

Appellant's assignment of error contains two specifications, to-wit:

"1. The finding of the trial court is contrary to law.

"2. The trial court patently erred in denying and overruling appellant's Petition for Writ of Error Coram Nobis."

A factual summary of the events culminating in this appeal is as follows:

On December 11, 1958, appellant was charged by affidavit in the court below with the crime of robbery. Appellant was arrested on the warrant issued therein on December 12, 1958. On Monday, December 15, 1958, C. K. McCormack entered appearance for appellant in said cause. Thereafter, petitions for release on bond and a motion to quash the affidavit were filed. On February 24, 1959, appellant filed a written request for trial by jury. Afterwards on April 21, 1959, Thurl C. Rhodes entered an appearance for appellant. On April 23, 1959, appellant's bond was filed in said cause, and on May 11, 1959, the case was set for trial by jury for June 1, 1959. On June 1, 1959, defendant, by counsel, Thurl Rhodes, filed a written waiver of trial by jury. Thereafter, on December 11, 1959, appellant filed written notice of alibi. On Tuesday, February 2, 1960, trial by the court before Hon. Thomas J. Faulconer, was had, evidence heard and the court took the case under advisement until Thursday, February 4, 1960, at which time the court entered a finding that defendant (appellant) was guilty of robbery as charged, and that his age was 20 years. Pre-sentence investigation was ordered and sentencing was set for Tuesday, February 23, 1960, at 1:00 p.m. The matter was continued until March 23, 1960, at which time defendant was sentenced to the Indiana Reformatory for not less than ten nor more than 25 years.

Thereafter, on April 11, 1960, defendant (appellant) by his counsel, John L. McNelis, filed a motion for a new trial. Such motion as grounds therefor alleged:

"1. That the decision of the court is not sustained by sufficient evidence.

"2. That the decision of the court is contrary to law."

The motion for new trial was overruled on the same day, April 11, 1960. Thereafter on July 28, 1960, appellant, by counsel William Erbecker, filed a written verified petition for writ of error coram nobis.

The petition for writ of error coram nobis contains five pages and in essence urges the following points:

1. That appellant is the same person previously a defendant in the entitled case, that he was tried by the court, found guilty of robbery and sentenced to the Indiana State Reformatory for a term of ten to twenty-five years.

2. That he is an ignorant, uneducated layman, etc., that he did not know or realize the elements of the crime of robbery, etc. That he was led to believe that his testimony was not necessary to establish a defense; that he did not know the State was required to establish by proof each and every material allegation of the crime charged before he could lawfully be found guilty; that he did not know that a request for jury trial was mandatory and that the jury must unanimously agree on petitioner's guilt before a verdict of guilty could be lawfully rendered; that he did not know he could testify in his own behalf with impunity.

3. That he was deprived of his constitutional rights guaranteed by the 14th Amendment to the

Constitution of the United States, and that therefore his conviction is null, void, illegal and unlawful in the following respects:

a. That he did not knowingly and understandingly waive his right to testify in said cause;

b. That petitioner wanted to testify in his own behalf, but his rights to so testify were not fully and completely explained to him;

c. Newly discovered evidence, relevant, germane and material to his cause, not cumulative, which he did not know existed at the time of trial, which he could not have produced at the trial, and which he now produces at the earliest possible time after discovery, as set out in his exhibit A;

d. That petitioner wanted a trial by jury and his waiver thereof was not his free and voluntary act,

4. That he is not guilty of the crime charged, and if given an opportunity to be heard, can and will prove his innocence.

5. That he has witnesses who will prove he is not guilty of the crime charged; that certain witnesses who testified at the trial made statements out of court inconsistent with their testimony at the trial.

6. That the trial court erred in assuming that petitioner was fully and completely advised of his constitutional rights, when in fact he was not so advised.

7. Asserts diligence in bringing these facts (in the petition) to the attention of the court.

8. That for the purpose of proving the allegations of this petition he will have to meet some of his witnesses face to face, and that it will be necessary for him to be present in court to confront said witnesses.

Exhibit A referred to in the petition is the affidavit of Robert E. Hunt that he falsely testified against appellant at his trial.

Thereafter, the State filed answer in denial to the petition for the writ, and on September 13, 1960, the trial court, after hearing evidence and argument of counsel, denied the writ. From such denial stems this appeal.

We note with interest that there are two waivers of jury trial in the record, both apparently signed by appellant himself, the second apparently bearing signatures of appellant and his then counsel.

Appellant's argument and authorities may be reduced to the following proposition: That he did not knowingly, understandingly and intelligently waive the right to trial by jury and also to take the stand to testify in his own behalf, and that the defendant can never, under any circumstances, in a criminal case, waive his right to the advice as to his constitutional rights.

. Appellant concedes that the defendant could legally waive his right to trial by jury and to take the stand in his own behalf. Therefore, the only question remaining is as to the right of the appellant to be advised as to his constitutional rights. A careful reading of the record before us discloses that appellant, at his original trial, was at various times represented by two experienced lawyers of his own choosing, both testified that they consulted and advised with their client prior to the trial and trial counsel during the trial. Furthermore, appellant was represented by yet another lawyer at the time he filed his motion for a new trial. It was only some time after the denial of that motion that present counsel appeared in the coram nobis and this appeal.

Judgment affirmed.

Achor, Bobbitt and Arterburn, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 186 N. E. 2d 571.